UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>MUKUL VERMA,<br><br>               Defendant. | Case No. 3:24-cv-05885<br><br>TEMPORARY RESTRAINING ORDER TO PROVIDE INVOLUNTARY MEDICAL TREATMENT |

      The United States Department of Homeland Security, Immigration and Customs Enforcement (hereinafter "ICE"), by and through the United States Attorney for the Western District of Washington, has filed an ex parte emergency motion for a temporary restraining order permitting the government to administer involuntary hydration to Mukul Verma, who is currently being held as a civil detainee at the Northwest ICE Processing Center in Tacoma, Washington.

      Mr. Verma is a citizen and national of India who has been detained at the Northwest ICE Processing Center since August 4, 2024. Dkt. 1 ¶ 6. On October 14, 2024, Mr. Verma missed his ninth consecutive meal and was officially listed as being on hunger strike. Dkt. 1-4 ¶ 7. Mr. Verma has also refused any significant fluid intake since October 15, 2024. *Id*. Medical staff have unsuccessfully attempted to convince Mr. Verma to end his hunger strike and begin eating food

TEMPORARY RESTRAINING ORDER TO PROVIDE INVOLUNTARY MEDICAL TREATMENT - 1

and drinking fluids. Dkt. 1 ¶ 8. Mr. Verma has said he will remain on hunger strike and will not eat or drink anything until he speaks with ICE and resolves his case. Dkt. 1-4 ¶ 7. Mr. Verma agreed to be transported to a local emergency department on October 17, 2024, but once there, refused assessment and hydration and was subsequently discharged. Dkt. 1 ¶ 7. He has exhibited low blood pressure, gait unsteadiness, and dizziness. Dkt. 1-4 ¶ 11. According to a declaration filed by Dr. Eddie Wang, the medical clinic director at the Northwest ICE Processing Center and board-certified physician, Mr. Verma's current physical condition requires the administration of intravenous hydration to prevent further deterioration and serious medical complications. Dkt. 1-4 ¶ 18–19. Without hydration, Mr. Verma risks severe metabolic imbalance, which could result in permanent organ damage, cardiac arrest, or death. *Id.* ¶ 17–19.

A plaintiff seeking a temporary restraining order must show: (1) they are likely to succeed on the merits, (2) the potential for irreparable harm in the absence of preliminary relief, (3) the balance of equities is in favor of injunction, and (4) the relief sought is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To obtain a temporary restraining order ex parte, the moving party must show specific facts in an affidavit that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). This Court's local civil rules also require the moving party to "serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." W.D. Wash. Local Civ. R. 65(b)(1).

Here, the United States has filed affidavits from Dr. Wang and from Allison Williams, Assistant Field Office Director of the ICE office of Enforcement and Removal Operations (ERO), explaining the immediate and irreparable harm both to Mr. Verma's health and safety and the operations of ICE at the processing center if they are not able to administer intravenous hydration.

TEMPORARY RESTRAINING ORDER TO PROVIDE INVOLUNTARY MEDICAL TREATMENT - 2

Dkt. 1-3, 1-4.

In determining the United States' likelihood of success on the merits, the Court recognizes that federal courts are split on the applicable standard to evaluate the constitutionality of administering involuntary medical care, hydration, and nutrition to civil immigration detainees. *See In re Bahadur*, 441 F.Supp.3d 467, 475 (W.D. Tex. 2020) (discussing possible standards under *Turner v. Safley*, 482 U.S. 78 (1987), *Youngberg v. Romeo*, 457 U.S. 307 (1982), and *Bell v. Wolfish*, 441 U.S. 520 (1979)).

Under any of the standards articulated in *Turner*, *Youngberg*, and *Bell*, however, the Court finds that the United States' request in this motion—to administer involuntary intravenous hydration under the current circumstances faced by Mr. Verma—is likely to succeed on the merits when balancing the United States' interests in preserving the health and life of detainees in its custody against Mr. Verma's interest in continuing his hunger strike with no fluid intake. Based on the declarations of Dr. Wang and Ms. Williams, the Court finds that without the requested authority to administer intravenous hydration, immediate and irreparable injury will occur to the United States' interest in maintaining Mr. Verma's health and life, and that the immediate threat of this injury requires this order be issued before full notice and opportunity for Mr. Verma to be heard. *See* Fed. R. Civ. P. 65(b)(1), (2). The Court further finds that the balance of equities and the public interest favor entry of this limited temporary injunction.

Therefore, IT IS HEREBY ORDERED that ICE may administer intravenous hydration to preserve Mr. Verma's life and health and prevent irreparable injury.

IT IS HEREBY FURTHER ORDERED that if Mr. Verma refuses to cooperate with the administration of intravenous hydration, ICE and medical staff at the Northwest ICE Processing Center may use soft medical restraints to assure the safety of Mr. Verma and the medical staff when administering the necessary treatment.

This temporary order expires on November 1, 2024 unless it is extended by further order of this Court. *See* Fed. R. Civ. P. 65(b)(2). The Court will issue a formal hearing notice on Monday, October 21, 2024, and that notice will schedule a preliminary injunction hearing no later than November 1, 2024 at 1:00 P.M. *See* Fed. R. Civ. P. 65(b)(3). The United States must be prepared to present evidence in support of its request for an injunction lasting for the duration that medical intervention is required, and a representative of ICE must be present for the hearing. The United States must also file a status report, supported by affidavit, on Mr. Verma's condition and any supplemental briefing on its request for a longer injunction no later than October 29, 2024. The United States must also arrange for Mr. Verma to appear by telephone or videoconference for the hearing. ICE is directed to provide a copy of this order to Mr. Verma as soon as possible and to provide him notice of the hearing as soon as it is formally scheduled.

Dated this 18th day of October, 2024.

Tiffany M. Cartwright
United States District Judge